# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LATOSHA FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION: 2:17-CV-01703-KOB |
| PUBLIX SUPERMARKETS, INC., | ) ) ) |
| Defendant. | ) |

## MOTION FOR SANCTIONS

COMES NOW the Defendant, Publix Super Markets, Inc., by and through its attorneys John Martin Galese and Cassandra H. Kalupa, and moves this Honorable Court, pursuant to Rule 37, *Federal Rules of Civil Procedure*, to issue sanctions against the Plaintiff, for failure to comply with this Court's March 27, 2018 Order (Doc. 18). In support hereof, the Defendant submits the following:

1. On March 15, 2018, the Defendant, as a result of discovery defaults on the part of the Plaintiff, filed a Motion to Compel. (Doc. 16). No opposition to said motion was filed by the Plaintiff.

2. On March 27, 2018, this Court granted the Motion to Compel and ordered the Plaintiff to

> (1) produce all documents she may use to support her claims or defenses, as required under Federal Rule of Civil Procedure 26; (2) provide damage disclosures and computations, as well as documents used to support those computations, as required under Rule 26; and (3) respond to Defendant's production requests and produce the documents requested.

(Doc. 18). The Plaintiff was ordered to provide and produce the above on or before April 3, 2018. This Court specifically advised Plaintiff that "failure to comply with this Order will result in sanctions, which may include attorneys' fees and costs or dismissal of the case." (Doc. 18).

3. The Plaintiff failed to provide the above on or before April 3, 2018. In fact, no correspondence, or discovery responses/disclosures, were received by April 3, 2018.

4. However, on April 4, 2018, at 6:46 p.m., the undersigned received a letter from the Plaintiff's counsel, presumably in response to this Court's Order. (April 4, 2018 Letter, [Ex. A]).

5. In said letter, Plaintiff's counsel advises that "Ms. Foster does not have any documents in her possession." This statement is contrary to the multiple representations Plaintiff's counsel made to the undersigned and the undersigned's office, as set forth in more detail in the Motion to Compel, to which no response or opposition was filed by the Plaintiff. (Doc. 16). The

      Defendant finds it hard to believe that the Plaintiff does not have possession of, <u>or control over</u>, a single document - which would include her pay records, etc., since leaving the Defendant's employ, tax returns, etc.

6. Notwithstanding this statement made in a letter, the Plaintiff has failed to "respond to Defendant's production requests", as ordered by this Court. A simple statement that the Plaintiff does not have documents in her possession (when she previously responded to the requests for production by advising that the documents "will be" forwarded) does not constitute proper responses to the production requests that were served upon her. As ordered by this Court, the Defendant was entitled to receive proper responses to each separate production request propounded by the Defendant and directed to the Plaintiff.

7. In connection with her damage disclosures, while she provided some computation on her lost wage claim, she did not provide a single document to support said computation, such as her pay records from her employment after being terminated from her employment with the Defendant, W2s, etc. The damage disclosure provided, simply stated "Plaintiff [sic] damages will include her lost salary that continues into this year. Plaintiff [sic] damages will also include damages for cost of possible expert, legal fees and other cost associates [sic] with this litigation." (Exhibit A).

8. Pursuant to *Federal Rule of Civil Procedure* 37(b)(2)(A)

> [i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
> . . .
> (v) dismissing the action or proceeding in whole or in part

Rule 37 also provides that "in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." *Fed.R.Civ.Pro.* 37(b)(2)(C).

9. As a result of the Plaintiff's failure to have complied with this Court's Order, this matter should be dismissed, as the Court had advised the Plaintiff could occur if she failed to comply with the Order.

10. In the alternative to a dismissal, the Defendant hereby requests that the Plaintiff be precluded from (1) using, referencing or introducing into evidence any document to support her claims or alleged damages in this matter, either at summary judgment stage or the trial of this matter; and (2) from seeking any further or different damages than those set forth on Exhibit A, which were lost wages, costs of an expert, legal fees and costs of the litigation.

11.  The Defendant also requests an award of reasonable attorney's fees, caused by the Plaintiff's discovery delays and defaults, in the amount of $1,072.50. (Affidavit of John Martin Galese, [Ex. B]).

WHEREFORE, from all of the above, the Defendant, Publix Super Markets, Inc., moves this Honorable Court for the issuance of sanctions against the Plaintiff, as aforesaid, and for such further or different relief to which it may be entitled.

Respectfully submitted,

/s/ John Martin Galese

/s/ Cassandra H. Kalupa

_____
John Martin Galese (ASB-5382-E61J)
Cassandra Harris Kalupa (ASB-2841-D52H)

**OF COUNSEL:**
GALESE & INGRAM, P.C.
800 Shades Creek Parkway, Suite 300
Birmingham, Alabama 35209
*Telephone:*  (205) 870-0663
*Facsimile:*  (205) 870-0681
*E-mail:*      john@galese-ingram.com
              sandy@galese-ingram.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, I electronically filed the above and foregoing with the Clerk of Court, which provides electronic notice to all counsel of record.

/s/ Cassandra Harris Kalupa